IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALLEN BOND,**
**Appellant Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-188**     (Bd. of Review Case No. 25-BOR-1582)

**WEST VIRGINIA DEPARTMENT OF HUMAN SERVICES,**
**BUREAU FOR FAMILY ASSISTANCE,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Allen Bond appeals the April 9, 2025, order from the West Virginia Office of Inspector General Board of Review ("BOR"), which dismissed his written protest and request for a fair hearing regarding the West Virginia Department of Human Services, Bureau for Family Assistance's ("Department") delay in processing his Medicaid application. The Department filed a response.[1] Mr. Bond filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the BOR's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of this appeal are straightforward. Mr. Bond is in his mid-seventies and resides in a skilled nursing facility. Mr. Bond appointed the nursing facility as his designated Medicaid representative. With facility assistance, Mr. Bond submitted a Medicaid application for long term care benefits to the Department on September 27, 2024. *See generally* West Virginia Income Maintenance Manual ("IMM") Chapter 24.1 to Chapter 24.62. By decision letter dated January 27, 2025, the Department denied Mr. Bond's application because his assets exceeded Medicaid eligibility guidelines. *See generally* IMM Chapters 4.14, 5.4, and 23.12.3. Mr. Bond did not challenge the Department's determination that he did not meet income eligibility guidelines.

Instead, on March 6, 2025, Meagan Smith, Medicaid Specialist, protested the Department's January 27, 2025, decision and requested a fair hearing before the BOR's hearing officer on Mr. Bond's behalf. The only issue raised by the protest was the

---

[1] Mr. Bond is represented by Gregory R. Tingler, Esq. The Department is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Michael L. Jackson, Esq.

Department's failure to process Mr. Bond's Medicaid application within thirty days. *See* IMM Chapter 24.4.1.C.6 and 24.50.1.F (requiring the Department to "approve, deny, or withdraw" a long term care Medicaid application "within [thirty] days of the date of application."). *See also* Common Chapters Manual ("CCM") § 710.13(b)(4) (stating that an applicant may request a fair hearing for: "Delay – Any inaction or failure by the Department, in an applicant's or recipient's case, to abide by established time frames within the public assistance programs."). The BOR entered a scheduling order, which set the fair hearing for April 9, 2025.

On the day of the hearing, a pre-hearing conference was first held between the presiding hearing officer and the parties prior to the formal hearing. Ms. Smith appeared as Mr. Bond's representative. At the outset of the pre-hearing conference, the presiding hearing officer was able to confirm two points with the parties. Specifically, the parties confirmed that Mr. Bond's application was denied due to income ineligibility, and that the only issue subject to the protest was the Department's delay in processing the application, from which, Mr. Bond was seeking a decision from the BOR awarding him immediate Medicaid eligibility due to the bureaucratic delay in processing his application. Ms. Smith asserted that if the application had been denied in a timely manner, then Mr. Bond could have taken steps to reduce his assets and qualify for Medicaid assistance.

The hearing officer noted that the BOR did not have the statutory authority to grant Mr. Bond's Medicaid application solely because the Department did not process the application timely. The hearing officer further noted that the BOR could not circumvent state and federal income guidelines to award Mr. Bond Medicaid eligibility, and that as an administrative body, the BOR did not have punitive powers from which it could grant the application based upon Department delay.

Rather, the hearing officer found that the BOR had limited authority to address the Department delay in this case. Particularly, the hearing officer determined that the BOR's authority in this case was limited to ensuring that the Department complied with the relevant language of IMM Chapter 1.6.6, which states: "When the application is not processed within agency time limits, the application must be processed immediately upon discovery of the delay and coverage must be backdated for any prior eligibility period." Therefore, the hearing officer determined that the BOR need only ensure that a delayed application was processed immediately after discovery of the delay, but backdated coverage must only be awarded if the application results in an eligibility determination.

In this case, the hearing officer determined that while there was an undisputed delay by the Department in processing Mr. Bond's application, the application was subsequently processed and Mr. Bond was determined to be ineligible for benefits. It was noted that the ineligibility determination was not in dispute, but rather, the sole issue was whether Mr. Bond could be awarded benefits based solely on the Department delay. The hearing officer found that such relief was not contemplated by Department policy, and the BOR lacked

the authority to grant eligibility predicated upon agency delay. As a result, the hearing officer found that this determination rendered a formal hearing moot and dismissed Mr. Bond's hearing request.

The hearing officer memorialized these findings and conclusions in a BOR order entered on April 9, 2025. This appeal followed.

Our standard of review is as follows:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16B-2-2(c) (2024) (specifying that the provisions of West Virginia Code §§ 29A-5-1 to -5 apply to this Court's appellate review of BOR decisions).

On appeal, Mr. Bond advances two assignments of error. Upon review, we find it appropriate to consolidate and restate those arguments for the purposes of the Court's decision. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues); *Perry v. Ravenscroft*, No. 24-ICA-134, 2024 WL 5002991, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (consolidating and restating petitioner's assignments of error on appeal). Restated, the issue on appeal is whether Mr. Bond was denied a fair hearing on his protest of the Department's January 27, 2025, decision.

To support his argument, Mr. Bond contends that the BOR had no authority to dismiss his protest because West Virginia Code § 16B-2-2(a) (2024) states that the BOR "shall provide a fair, impartial, and expeditious grievance and appeal process to applicants

or recipients of assistance. . . ." Thus, he contends that BOR's dismissal order violated his fundamental due process rights. Mr. Bond dovetails that contention into the broader argument that "[a]ny arguments regarding the issue of untimeliness in processing [his] Medicaid application are issues of fact and law, which means that the [BOR] is required to hold a fair hearing," and further opines that "the [BOR]'s decision not to conduct a full and fair hearing . . . warrants automatic approval of [his] . . . application." In other words, Mr. Bond takes the position that had the BOR conducted a full hearing on the Department's delay, then he would have prevailed and been awarded eligibility. We find Mr. Bond's position unavailing.

Here, Mr. Bond's argument fails to address the overarching basis for the dismissal of his protest: the BOR's lack of authority to grant Medicaid eligibility based on Department delay. Similarly, his arguments fail to contemplate the BOR's authority under CCM 710.20(a)(2), which states that it may dismiss a request for hearing if "[t]he issue of the appeal has been resolved or becomes moot[.]" Further, his argument does not challenge the hearing officer's determination that the BOR's authority on this issue was to ensure that the delayed application was timely processed, and only if the applicant meets the eligibility requirements would the BOR have authority to ensure that their benefits are awarded retroactively. Again, there is no challenge to the Department's determination that Mr. Bond was ineligible for benefits because his assets exceeded state and federal guidelines. While Mr. Bond's brief cites a limited number of cases and authority in an attempt to bolster his position on appeal, those authorities are either inapplicable or distinguishable court decisions, or prior BOR decisions which are not precedential or binding authority upon this Court.

As such, we conclude that Mr. Bond has failed to demonstrate that the BOR erred in dismissing his protest. The BOR determined that it did not have the authority to award eligibility to an applicant based solely upon the Department's processing delay, and Mr. Bond offers no authority to circumvent this determination. Accordingly, we find no clear error in the Board's order and give deference to its findings. *See* Syl. Pt. 1, in part, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996) ("findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong."). Given the foregoing, we conclude that the BOR's decision is supported by the evidence. Finding no error, we affirm the BOR's April 9, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

4

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White